IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONTROL & APPLICATIONS LLC HOUSTON, | § § |
| Plaintiff, | § § |
| VS. | § CIVIL ACTION NO. H-18-2746 |
| | § § |
| ABRAHAM SHIERA, FERNANDO ARDILA, | § § |
| | § |
| Defendants. | § § |

**MEMORANDUM AND OPINION**

Control & Applications LLC Houston sued Abraham Shiera and Fernando Ardila for contract breach and unjust enrichment, alleging that they had not paid the amount due under a promissory note. (Docket Entry No. 1-3). Shiera and Ardila removed from the 129th Judicial District Court of Harris County, Texas. Control & Applications moved to remand, arguing that a note provision waived the right to remove and agreed to submit to the exclusive jurisdiction of the Harris County District Courts. The court agrees with Control & Applications and remands the action.

**I.    Background**

On June 19, 2014, Control & Applications, Shiera, and Ardila executed a Unit Purchase Agreement. The agreement set out terms for Shiera and Ardila's purchase of Merla, LLC, a Texas limited liability company. (Docket Entry No. 1-3 at 7). The agreement stated in part:

> The purchase price . . . will be US$7,218,677 payable as follows:
>
> - US$1,250,00, which shall be payable no later than June 30, 2014, which shall be evidenced by the Promissory Note . . . ; and
> - US$5,968,677, which shall be due and payable on or before 20 of June 2015, which shall be evidenced by the Promissory Note.

(*Id.* at 14). At closing, Shiera and Ardila had to execute a "promissory note for a principal amount

equal to US$7,218,677 . . . in favor of [Control & Applications], pursuant to which (a) US$1,250,000 shall be due and payable on June 30, 2014 and (b) US$5,968,677 shall be due and payable on or before June 20, 2015." (*Id.*).

On June 20, 2014, Shiera and Ardila executed the note promising to pay Control & Applications $7,218,677 for Merla LLC, with a $1,250,000 payment on or before June 30, 2014. (Docket Entry No. 8-1 at 1). The remaining $5,968,677 "would be due and payable on or before June 20, 2015." (*Id.*). As to any disputes concerning the note, Control & Applications, Shiera, and Ardila selected Texas law, submitted "to the exclusive jurisdiction of the Texas District Courts in Harris County, Texas," and agreed "to venue lying in the city of Houston, Texas." (*Id.* at 3). The note further provided:

> **[SHIERA AND ARDILA] WAIVE THE RIGHT TO REMOVE ANY DISPUTE WITH [CONTROL & APPLICATIONS] WHICH IS IN LITIGATION IN STATE COURT TO A FEDERAL COURT.**

(*Id.* (emphasis in original)).

Control & Applications, Shiera, and Ardila amended the note on June 18, 2015. Control & Applications gave Shiera and Ardila a six-month extension to pay the outstanding $5,968,677. (Docket Entry Nos. 8-2, 8-3). The amendment did not alter or revoke the forum-selection or removal-waiver clauses.

Shiera and Ardila did not pay the outstanding amount by the six-month extension's end. On May 14, 2018, Control & Applications sued in the 129th Judicial District Court of Harris County, seeking to enforce the note. The complaint alleged that Shiera and Ardila "failed and refused, and continue to fail and refuse," to pay the amount due under the note. (Docket Entry No. 1-3 at 4). Control & Applications asserted a contract-breach claim and, in the alternative, a claim for unjust

enrichment. (*Id.* at 4–5).

On August 8, 2018, Shiera and Ardila removed to this court under 28 U.S.C. § 1441(b)(1). (Docket Entry No. 1). On August 21, 2018, Control & Applications timely moved to remand, arguing that Shiera and Ardila had waived their right to remove and agreed to litigate exclusively in the Harris County state courts. (Docket Entry No. 8). Shiera and Ardila responded that Control & Applications's claims arise out of the amendment and that the note does not waive removal. (Docket Entry No. 11).

## II. The Motion to Remand

A party must move the court to remand "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after filing of the notice of removal." 28 U.S.C. § 1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." *Id.* § 1447(d).

For a clause in a contract to bar removal, the clause must "give a clear and unequivocal waiver of that right." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (quotation omitted). "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Id.*

Shiera and Ardila argue that the agreement's terms govern this dispute. But Control & Applications seeks to enforce the note, which obligates Shiera and Ardila to pay for Merla, LLC, not the agreement. The note's terms govern.

Shiera and Ardila argue that Control & Applications seeks to enforce the amendment to the note, not the note itself. The note contains clauses that expressly waived the right to removal, agreed

to the exclusive jurisdiction of Harris County District Court, and selected Houston as the venue. (Docket No. 8-1 at 3). While the amendment did not also contain these clauses, it did not alter or revoke them, and it ratified the note's unchanged provisions. (Docket Entry No. 8-3 at 1). The amended note incorporates the provisions waiving the right to removal, submitting the parties to the exclusive jurisdiction of the Harris County District Courts, and choosing venue in Houston. *See Blackstone Med., Inc. v. Phoenix Surgicals, LLC*, 470 S.W.3d 636, 647 (Tex. App.—Dallas 2015, no writ) ("A modification to a contract creates a new contract that includes the new modified provisions and the unchanged old provisions." (citing *Boudreaux Civic Ass'n v. Cox*, 882 S.W.2d 543, 547–48 (Tex. App.—Houston [1st Dist.] 1994, no writ))). Because Control & Applications seeks to enforce the amended note, Shiera and Ardila are subject to these provisions.

Shiera and Ardila argue that the note's language, which waives "the right to remove any dispute with [Control & Applications] which is in litigation in a state court to a federal court," refers only to litigation ongoing when they executed the note. (Docket Entry No. 8-1 at 3). When interpreting a contract, Texas courts seek to "ascertain the parties' true intent as expressed by the plain language they used." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). The removal-waiver clause does not have a temporal component. Its plain language bars the parties from removing litigation from a state court without reference to when the case was filed. The removal-waiver, exclusive-jurisdiction, and venue-selection clauses clearly evince an intent to keep disputes regarding the note in state court. *See FPL Energy, LLC v. TXU Portfolio Mgmt. Co., LP*, 426 S.W.3d 59, 63 (Tex. 2014) ("We consider the entire writing to harmonize and effectuate all provisions such that none are rendered meaningless."). The court gives effect to that intent.

The note waived Shiera and Ardila's right to remove the action to federal court.[1] The court grants Control & Applications's motion to remand and remands the action to the 129th Judicial District Court of Harris County, Texas, for further proceedings. (Docket Entry No. 8).

SIGNED on September 21, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

---

[1] Shiera and Ardila argue that Control & Applications lacks standing to enforce the note because it is neither a party nor a payee. But the note states that Shiera and Ardila "promise to pay to the order of [Control & Applications LLC Houston] or its assigns." (Docket Entry No. 8-1 at 1–2). Their argument lacks merit. Shiera and Ardila also contend that Control & Applications's unjust enrichment claim arises out of the agreement. Because the unjust enrichment claim seeks relief for a failure to fulfill the note's obligations, it is a claim that arises from the note.